**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

LARNETTE MARSHALL *
*
v. * Case No. RDB-16-1557
*
CLASSIC KIA OF ELLICOTT CITY *
*
******

**REPORT AND RECOMMENDATIONS**

This Report and Recommendations addresses the Motion for Entry of Default Judgment (ECF No. 9) filed by Plaintiff Larnette Marshall against the Defendant, Classic Kia of Ellicott City ("Defendant"). The Defendant has not filed an opposition, and its deadline has now passed. On January 4, 2017, Judge Bennett referred this case to me to review Ms. Marshall's motion and to make recommendations concerning damages, pursuant to 28 U.S.C. § 301 and Local Rule 301.6. (ECF No. 10). No hearing is deemed necessary. Local Rule 105.6 (D. Md. 2016). For the reasons discussed below, I respectfully recommend that Ms. Marshall's motion (ECF No. 9) be DENIED, and I further recommend that the case be DISMISSED.

## I. BACKGROUND

On May 20, 2016, Ms. Marshall filed a Complaint in this Court alleging that the Defendant had failed to display and include proper information on a buyer's guide on the windows of the vehicle offered to her for sale.[1] [ECF No. 1]. According to the Complaint, on August 22, 2014, Ms. Marshall purchased what she believed to be a brand new car from Defendant that turned out to be "a demonstrator/tester vehicle" which has since experienced "many problems." *Id.* at 5-6. According to supplemental filings to the Complaint, as of August

[1] While Ms. Marshall did not specifically reference any federal statute or regulation, the Used Motor Vehicle Trade Regulations Rule, 16 C.F.R. § 455.1 *et seq.*, requires a buyer's guide to be displayed on all used vehicles offered for sale.

22, 2014, Ms. Marshall owed a balance for the car in the amount of $23,433.14. [ECF No. 5-1]. Through the instant motion, Plaintiff seeks relief from the Court "to find [the] original contract presented to Plaintiff Larnette Marshall by Defendant Classic Kia of Ellicott City, that was paid by Plaintiff in cash from credit union null and void and award Plaintiff the sum of $39,000. The breakdown of [the] amount [sought] includes the cost of the car plus interest, fees incurred by Plaintiff in court filing and travel, the time and effort of looking for another vehicle[, and a] rental vehicle needed to get to work [once the subject] Kia is returned to Defendant." [ECF No. 9].

Defendant was served with the summons and Complaint on June 21, 2016. [ECF No. 4]. Defendant failed to file an answer or to otherwise respond within the time frames allowed in the Federal Rules of Civil Procedure. On November 29, 2016, the Clerk entered an Order of Default against Defendant. [ECF No. 8]. On December 29, 2016, Ms. Marshall filed the instant Motion for Default Judgment. [ECF No. 9].

## II. STANDARD FOR DEFAULT JUDGMENT

In reviewing a Motion for Default Judgment, the court accepts as true the well-pleaded factual allegations in the complaint as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). It, however, remains for the court to determine whether these unchallenged factual allegations constitute a legitimate cause of action. *Id.*; *see also* 10A Wright, Miller & Kane, *Federal Practice and Procedure* § 2688 (3d ed. Supp. 2010) ("[L]iability is not deemed established simply because of the default . . . and the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

If the court determines that liability is established, the court must then determine the appropriate amount of damages. *Ryan*, 253 F.3d at 780-81. The court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations. *See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).

In sum, (1) the court must determine whether the unchallenged facts in Ms. Marshall's Complaint constitute a legitimate cause of action, and, if they do, (2) the court must make an independent determination regarding the appropriate amount of damages and the appropriate injunctive relief.

## III. DISCUSSION

### a. The Used Motor Vehicle Trade Regulations Rule

The Used Motor Vehicle Trade Regulations Rule, 16 C.F.R. § 455.1 *et seq.* ("Rule"), was enacted under the authority of the Federal Trade Commission Act, 15 U.S.C. 41 *et seq.* ("FTC Act"), and the Magnusson Moss Warranty Act, 15 U.S.C. 2309 ("MMWA"). 49 FR 45692 (1984). "A violation of the Rule constitutes an unfair or deceptive act or practice under the FTC Act, and one who violates the Rule is subject to civil penalties of up to $10,000 per violation. The… Rule is primarily intended to prevent and to discourage oral misrepresentations and unfair omissions of material facts by used car dealers concerning warranty coverage." 60 FR 62195. The Rule is designed to be enforced by the Federal Trade Commission once it learns about improper used vehicle sales. In order for Ms. Marshall's case to proceed in this Court, the Rule must also afford a private right of action to civil litigants. *See, e.g., Williams v. Mead Westvaco Corp.*, 2007 WL 2327586, at *1 (W.D. Va. Aug. 10, 2007) ("The existence of a private right of action is a 'prerequisite for finding federal question jurisdiction.'") (citing *Smith v. Indus. Valley*

*Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir. 1992) (applying *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986)). The Rule, however, provides no such right. *See Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988-89 (D.C. Cir. 1973) ("The [FTC] Act nowhere purports to confer upon private individuals … a right of action to enjoin the practices prohibited by the Act or to obtain damages following the commission of such acts. …[W]e find strong indication that Congress did not contemplate or intend such a private right of action."); *Betskoff v. Enterprise Rent-A-Car Co. of Baltimore, LLC*, 2012 WL 32575 (D. Md. Jan. 4, 2012) (finding that "enforcement of [the FTC Act] is exclusive to the [Federal Trade Commission]") (citations omitted); *Penn–Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 911 n.1 (D. Md. 1997) ("Under the [FTC Act] no private party—consumer or competitor—has standing to sue."). *See also* 60 FR 62195 ("Even if a private right of action would be useful, the Commission has no apparent authority to create one. *There is no private right of action for violation of any FTC rule promulgated under the [MMWA]. In addition, federal courts consistently have held that there is no private remedy under the FTC Act*.") (emphasis added).

Accordingly, Ms. Marshall's allegation of a Rule violation fails to state a claim upon which relief can be granted. Ms. Marshall has not alleged any violations of federal law other than the failure to provide a buyer's guide, and there is no general federal consumer protection statute similar to that existing in state law. Even when construed liberally in favor of Ms. Marshall as a *pro se* litigant, *see, e.g., Coulibaly v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 3476994, at *6 (D. Md. Aug. 8, 2011) (citing *Hughes, v. Rowe*, 449 U.S. 5, 9 (1980)), the Complaint presents no federal claim.

**Conclusion**

For the reasons set forth above, I recommend that the Court DENY Plaintiff's Motion for Default Judgment (ECF No. 9) and DISMISS this case for failure to establish a legitimate cause of action.

I also direct the Clerk to mail a copy of this Report and Recommendations to the Plaintiff at the address listed in her Complaint (ECF No. 1). Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

**Notice to Parties**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report, and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  January 25, 2017                                         /s/
                                                                                            Stephanie A. Gallagher
                                                                                            United States Magistrate Judge